**STATE of Maine**

*v.*

**John HUSSEY.**

Supreme Judicial Court of Maine.

Jan. 20, 1978.

David M. Cox, Dist. Atty., John A. Wood-cock, Jr. (orally), Bangor, for plaintiff.

Billie L. Wolf (orally), Greenville, for defendant.

Before POMEROY, ARCHIBALD, DE-LAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The practice of dentistry without a license is unlawful. 32 M.R.S.A. § 1092 (1977 Supp.). The definition of practicing dentistry is found in 32 M.R.S.A. § 1081 (1973 Supp.), which provides in pertinent part:

> Any person shall be deemed to be practicing dentistry . . . who directly or indirectly, by any means or method, takes impressions of the human tooth, teeth, [or] jaws . . . ..

The Defendant styled himself a "denturist." He was convicted of four counts of the illegal practice of dentistry following jury trial in Superior Court in Penobscot County, upon testimony that he was not a licensed dentist, that he had taken impressions of the gums of three people, and that he had furnished one of those persons with a prosthetic denture without a written prescription from a licensed dentist.

With respect to three of the four counts [1] the dispositive issue on this appeal is whether the statutory definition of practicing dentistry includes the taking of impressions of gums. The justice presiding in the court below instructed the jury that taking impressions of gums fell within the statutory prohibition. Upon this appeal the Defendant asserts that such instruction was error.

We deny the appeal.

■ Determination of legislative intent is the fundamental rule in the construction or interpretation of statutes. *King Resources Company v. Environmental Improvement Commission*, Me., 270 A.2d 863, 869 (1970): *New England Tel. & Tel. Co. v. P.U.C.*, Me., 376 A.2d 448, 453 (1977). We first try to ascertain legislative intent from the plain meaning of the words used

---

1. As to the fourth count, furnishing a prosthetic denture without a prescription, no grounds for reversal of the conviction upon that count have been urged on this Court, and the Defendant's conviction on that count must therefore stand affirmed in any event.

in the statute. *Chase v. Edgar,* Me., 259 A.2d 30 (1969), *State v. Granville,* Me., 336 A.2d 861, 863 (1975). Where necessary, we may resort to the clear and overriding purpose of a statute in order to determine legislative intent. *New England Tel. & Tel. Co. v. P.U.C., supra,* 376 A.2d at 454.

As we observed very recently, the standard used to determine the meaning of a statute must not be so restrictive as to defeat the obvious will of the Legislature; rather, the language the Legislature employed will be construed to have such meaning as shall appear most reasonable and best suited to accomplish the objects of the legislation. *State v. Heald,* Me., 382 A.2d 290 (1978).

Here, the plain purpose of the statutory scheme [2] upon which our attention is focused is to regulate dentistry and to prohibit unlicensed persons from the practice of that profession. Testimony in this case, as well as common knowledge, makes us aware that in a normal person, gum tissue covers the bony structure of the jaw. Taking impressions of the jaws is the first step toward making a denture. According to the expert witness, this is usually accomplished by taking an impression of the gum tissue, which is an integral part of, and which is supported by, the jaw bones.[3]

The Legislature was clearly concerned with the entire process by which prosthetic dentures are supplied to patients; the language of 32 M.R.S.A. § 1081 concerns itself with each step of that process. In the vast majority of cases, taking an impression of a person's mouth for the purpose of fitting dentures necessarily requires an impression of the gums since the gum tissue covers the bone of the jaw. Accordingly, we give effect to the clear purposes of the statute by holding that the practice

---

**2.** See 32 M.R.S.A. § 1061 et seq. (1973 & 1977 Supp.).

**3.** It appears that there are rare exceptions to the normal procedure when it becomes necessary to surgically strip away the gum tissue in order to take impressions directly from the bone. However, in view of the fact that the Legislature has seen fit to define the practice of

of dentistry includes the taking of gum impressions. See *Jacobs v. Dental Examiners,* 189 Cal. 709, 209 P. 1006, 1008 (1920); *State v. Devore,* 134 W.Va. 151, 58 S.E.2d 641, 644 (1950). See generally 45 A.L.R.2d 1243 (1956).

To hold otherwise would thwart the legislative purpose.

Thus, the statutory definition of jaws includes the gums integrally attached thereto. It was not error for the justice presiding below to so instruct the jury.

The entry will be:

Appeal denied.

Judgment affirmed.

WERNICK, J., did not sit.

DELAHANTY, J., sat at argument and conference but did not otherwise participate.

dentistry to include taking impressions of teeth, we will construe the statute to avoid the illogical result that one who takes impressions of the teeth is practicing dentistry while one who takes impressions of the gums is not. See *Cornwall Indus., Inc. v. Maine Dept. of M.A., E.S. Com.,* Me., 351 A.2d 546, 552–553 (1976).