## STATE of Maine
### v.
## Raymond H. YOUNG.

Supreme Judicial Court of Maine.

April 10, 1980.

Argued March 6, 1980.
Decided April 10, 1980.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Stephanie Anderson (orally), Law Student Intern, for plaintiff.

Richardson, Hildreth, Tyler & Troubh, Ronald D. Russell, Portland, (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN, and ROBERTS, JJ.

ROBERTS, Justice.

Raymond Young was convicted of the May 7, 1977, robbery of the Highland Mar-

ket in Portland. On appeal we affirm that conviction. *State v. Young,* Me., 390 A.2d 1056 (1978). Within two years the defendant filed a motion for a new trial on the grounds of newly discovered evidence. M.R.Crim.P., Rule 33. The motion was supported by an affidavit of the defendant's brother, William Young, which recited (1) his knowledge of events at Highland Market as a result of his being the driver of the car in which the defendant left the scene and (2) his absence from the state at the time of trial. After hearing, a justice other than the justice presiding at trial denied the defendant's motion.[1] The defendant has appealed. We affirm the order denying the motion for a new trial.

At the hearing on the motion, only the defendant testified. He acknowledged that prior to trial he was aware of all the facts pertaining to the events of May 7, 1977, which were contained in his brother's affidavit. He was also aware that his brother could have been called as a witness to testify as to those facts. While he claimed ignorance as to his brother's whereabouts at the time of the trial, he acknowledged that he made no effort to locate him. The defendant testified as follows: "At the time I thought that I would more than likely beat the charge, you know, and I wasn't going to involve him in the beginning."

In order to gain a new trial on the grounds of newly discovered evidence the defendant must show,

(1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict. *State v. Casale,* 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952).

---

1. The justice before whom the defendant was tried having retired, another justice was assigned to hear the motion for a new trial by the Chief Justice of the Supreme Judicial Court pursuant to M.R.Crim.P., Rule 25.

The facts about which William Young would testify are not to be considered newly discovered evidence. However, the defendant claims that even if the facts were not newly discovered, William Young's absence from the state should be considered a reasonable excuse for his failure to call him as a witness. The defendant suggests that he should be entitled to a new trial on the basis of "newly available evidence" so long as he can show a reasonable excuse for his failure to produce it at trial. However, we agree with the Superior Court's finding that the evidence was available, had the defendant exercised due diligence.[2]

Had the defendant attempted by subpoena to assure attendance of William and had he requested a continuance on the grounds that William was not then available, the presiding justice might well have afforded him relief. The circumstances herein are not unlike *State v. McDonough*, Me., 350 A.2d 556 (1976) wherein the defendant, after conferring with his family, elected to proceed to trial without implicating his brother who had admitted to the family his involvement in the robbery. The court in *McDonough* said:

> The defendant who seeks a new trial is required to make all diligent efforts to introduce into evidence any existing exculpatory facts before he may be allowed to plead reasonable excuse for his failure to present that evidence.

And we also said:

> In choosing not to call his brother to the stand the defendant made a tactical decision. That his decision proved fruitless should not constitute a reasonable excuse for his failure to attempt to introduce the evidence at trial. The defendant was entitled as a matter of right to one, but only one, fair trial. *State v. Flaherty*, Me., 340 A.2d 212 (1975). On these facts the "interests of justice" do not require us to undo the effects of his own abortive strategy by entitling him a second.

The justice below did not abuse his discretion in denying the motion for a new trial.

The entry will be:

Appeal denied.

Order denying motion for a new trial affirmed.

All concurring.

---

**2.** We intimate no opinion on the general proposition that testimony known to the defendant, but unavailable at the time of trial, may be considered "newly discovered evidence" for the purpose of Rule 33 M.R.Crim.P. *See State v. Harding*, Me., 408 A.2d 1003, 1004 (1979).