STATE of Maine

v.

David MUZEROLLE.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1987.

Decided Feb. 10, 1987.

David W. Crook, Dist. Atty., William Baghdoyan (orally), Asst. Dist. Atty., Skowhegan, for plaintiff.

John O'Donnell (orally), Shiro & Shiro, Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

■ ■ Defendant David Muzerolle appeals from the Superior Court's denial of his motion for a new trial based on newly discovered evidence. Defendant argued that subsequent to his conviction for armed robbery, 17–A M.R.S.A. § 651 (1983), John Alden Hewey, who plead guilty to the same armed robbery, came forward with exculpatory information. This Court has consistently held that evidence of which the defendant was aware at the time of trial cannot later form the basis for a new trial if no efforts were made to produce it at trial. *State v. Young,* 413 A.2d 161, 162 (Me.1980). A defendant is required to make diligent efforts to introduce any exculpatory facts before he may argue reasonable excuse for failing to present the evidence. *State v. McDonough,* 350 A.2d 556, 561 (Me.1976). At the motion hearing in this case, the defendant testified that prior to trial he knew Hewey could offer exculpatory evidence. At that time, he also told his attorney that Hewey had evidence that could exonerate him. In spite of this knowledge, the defendant made no attempt to call Hewey as a witness. Thus, Hewey's testimony did not constitute evidence that would require a new trial. Because defendant did not satisfy this threshhold requirement, it is not necessary to discuss whether he proved the remaining prerequisites for obtaining a new trial based on newly discovered evidence. *State v. Casale,* 148 Me. 312, 319–320, 92 A.2d 718, 722 (1952).

The entry must be:

Judgment affirmed.

All concurring.