### STATE of Maine

v.

### Gerald R. RICH, Jr.

Supreme Judicial Court of Maine.

Argued May 21, 1991.
Decided June 14, 1991.

R. Christopher Almy, Dist. Atty., Michael P. Roberts (orally), Deputy Dist. Atty., Bangor, for the State.

William B. Devoe, David C. Webb (orally), Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Defendant Gerald R. Rich, Jr. appeals from his conviction of burglary, Class B, 17–A M.R.S.A. § 401 (1983), and receiving stolen property, Class E, 17–A M.R.S.A. § 359 (1983), in the Superior Court (Penobscot County, *Pierson, J.*). Defendant makes four arguments on appeal: (1) the Superior Court erred in denying his motion

to suppress incriminating statements he made to police; (2) the Superior Court erred in failing to grant his motion for a new trial based on newly discovered evidence; (3) the State deprived him of a fair trial by failing to comply with the mandatory discovery provisions of M.R.Crim.P. 16; and (4) the Superior Court improperly instructed the jury regarding his theory of defense. Finding no error, we affirm the judgments of the Superior Court.

In December, 1988, an East Eddington home was burglarized. Among the items stolen was a recently purchased VCR which was still packed in its original carton. When defendant attempted to return this VCR to Rich's Department Store, police arrested him. Although the two clerks who handled the transaction were unable to identify him from a line-up, defendant cooperated with the police in recovering additional stolen property based on a mistaken belief that he had been identified by the store clerks.

After defendant was indicted for burglary and receiving stolen property, he filed a motion, which the Superior Court denied, to suppress incriminating statements he had made to the police. He then filed a motion to continue on the basis that an essential witness, his former roommate Walter Dorsch, could not be located. The Superior Court granted this motion, but stated that no further continuances would be granted for this reason. Defendant attempted, unsuccessfully, to locate Dorsch right up until the time of the trial. Two months after the trial, defendant learned that Dorsch had apparently been held in Connecticut on a detainer issued by the Penobscot County district attorney's office throughout the time in question.

At trial, the Superior Court admitted defendant's statements to the police and instructed the jury on the elements of burglary, including the inference permitted to be drawn from exclusive possession of the recently stolen property, and the elements of receiving stolen property. The jury found defendant guilty of both counts. Defendant subsequently filed a motion for a new trial which the Superior Court denied. Defendant now appeals the judgments of conviction.

### Motion to Suppress

■ Defendant argues that the incriminating statements he made to the police were not voluntary because he mistakenly believed that he had been identified by the store clerks. He contends that the Superior Court failed to apply the test for voluntariness set out in *State v. Mikulewicz* which states: "A confession is voluntary if it results from the free choice of a rational mind, if it is not a product of coercive police conduct, and if under all of the circumstances its admission would be fundamentally fair." *State v. Mikulewicz*, 462 A.2d 497, 501 (Me.1983). In view of the testimony at the suppression hearing, however, the Superior Court was warranted in concluding that defendant had voluntarily admitted knowing the location of some of the stolen property. Even after defendant realized that the clerks had not identified him, he testified that he had talked to the police voluntarily, that no one had put any pressure on him, and that he had talked because he wanted to. Thus, the record provides rational support for the Superior Court's determination that defendant's statements were the product of his own free will.

### Newly discovered evidence

■ Defendant next argues that the Superior Court erred in failing to grant his motion for a new trial on the ground of newly discovered evidence. We have established the following prerequisites for obtaining a new trial based on newly discovered evidence:

(1) that the evidence is such as will probably change the result if a new trial is granted, (2) that it has been discovered since the trial, (3) that it could not have been discovered before the trial by the exercise of due diligence, (4) that it is material to the issue, and (5) that it is not merely cumulative or impeaching, unless it is clear that such impeachment would have resulted in a different verdict.

*State v. Casale,* 148 Me. 312, 319–20, 92 A.2d 718, 722 (1952). Although conceding that the probable content of Dorsch's testimony was not discovered since the trial, defendant contends that evidence known at the time of trial, but unavailable at that time, may be considered newly discovered evidence for the purposes of M.R. Crim.P. 33. We need not rule on this argument.[1] Even if we assume that Dorsch's testimony is newly discovered evidence, material to the issue, and not merely cumulative or impeaching, defendant still needed to demonstrate that he exercised due diligence in attempting to procure the evidence before trial. *See id.,* 92 A.2d at 722.

■ The Superior Court found that defendant did not exercise reasonable diligence in securing Dorsch's attendance at trial. Supporting this conclusion is the evidence that defendant sought to continue the trial only once because of Dorsch's unavailability. Although recognizing the deterrent effect of its admonition that "No further continuances will be granted for this reason," the court decried defendant's failure to "inform the Court that it was not ready to go to trial and put on its defense." *See Ohio v. Roberts,* 448 U.S. 56, 76, 100 S.Ct. 2531, 2544, 65 L.Ed.2d 597 (1980) (quoting *Barber v. Page,* 390 U.S. 719, 724, 88 S.Ct. 1318, 1321, 20 L.Ed.2d 255 (1968)) (" '[T]he possibility of a refusal is not the equivalent of asking and receiving a rebuff.' "). In reviewing this evidence, we can find no error in the court's decision.

### Mandatory discovery under M.R.Crim.P. 16(a)(1)(C)

■ Defendant further argues that, in not revealing the whereabouts of Dorsch before trial, the State failed to comply with M.R.Crim.P. 16(a)(1)(C) which states:

The attorney for the state shall furnish to the defendant within a reasonable time:

. . . . .

(C) A statement describing any matter or information known to the attorney for the state which may not be known to the defendant and which tends to create a reasonable doubt of the defendant's guilt as to the offense charged.

We have held repeatedly that Rule 16(a) requires a diligent inquiry by prosecutors to discover whether automatically discoverable information exists. *See, e.g., State v. Ledger,* 444 A.2d 404, 411 (Me.1982); *State v. Simmons,* 435 A.2d 1090, 1093 (Me. 1981); *State v. Thurlow,* 414 A.2d 1241, 1244 (Me.1980). Through defendant's motion to continue, the State learned that Dorsch, an essential witness for the defense, could not be located. Thus, if information concerning Dorsch's whereabouts was subject to automatic disclosure under Rule 16(a), the State had a continuing duty to make a diligent inquiry to discover whether such information existed. *See* M.R.Crim.P. 16(a)(2). Failure to comply with the requirements of Rule 16(a) may result in the granting of a new trial. *State v. Thurlow,* 414 A.2d at 1244.

■ For two reasons defendant fails to establish any basis for relief on appeal. First, there is no evidence in this record to support defendant's contention that the Penobscot County district attorney's office ever handled Dorsch's extradition or had any knowledge of his whereabouts prior to or during defendant's trial.[2] Second, information concerning a potential witness's whereabouts is not the sort of information referred to in Rule 16(a)(1)(C). Automatically discoverable information includes information "which tends to create a reasonable doubt of the defendant's guilt," not

---

**1.** Defendant bases this assertion on dicta in *State v. Young,* 413 A.2d 161 (Me.1980), in which we declined to rule on this proposition. *Id.* at 162 n. 2. In *Young,* unlike the present case, the defendant made no attempt by subpoena to assure attendance of the witness nor did he request a continuance on the grounds that the witness was not then available. Had he done so, we conjectured, "the presiding justice might well have afforded him relief." *Id.* at 162; *see also State v. Muzerolle,* 520 A.2d 1302, 1303 (Me.1987).

**2.** At the hearing on the motion for a new trial, the district attorney testified that he had no knowledge of Dorsch's extradition although his office does handle such extraditions from other states.

information leading to a witness who might provide exculpatory testimony. It is the exculpatory evidence *itself* that is automatically discoverable, not information leading to the procurement of that evidence. Because defendant has failed to establish that the State did not comply with the mandatory discovery provisions of Rule 16, we decline to grant him a new trial.

### Jury instructions

 Defendant argues finally that the jury instructions were inadequate because they failed to state explicitly that the jury could find that defendant received the property without knowing that it was stolen. The Superior Court provided appropriate instructions on the elements of burglary and receiving stolen property. Having correctly stated the elements that the State must affirmatively prove in order to obtain a conviction, the court is not required to state explicitly those findings that might lead to a verdict of not guilty. Under the instructions as given, the jury was free to entertain a reasonable doubt as to defendant's guilt because of a failure to prove that defendant knew the property was stolen.

The entry is:

Judgments affirmed.

All concurring.