**Robert DALL et al.**

**v.**

**Ronald CARON et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 18, 1992.

Decided July 8, 1993.

Richard Elliott, Elliott & Elliott, Boothbay Harbor, for plaintiff.

H. Peter Del Bianco, Jr., Philip Coffin, Black, Lambert, Coffin & Rudman, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Robert Dall and John Staples appeal from a judgment entered in the Superior Court (Cumberland County, *Brodrick, J.*) on a jury verdict in favor of Ronald Caron, Roger Coffin, Ronald Goulet, Louis Labbe, James Swint, Scott Walker, and David Watson, all of whom are officers of the Brunswick Police Department. The plaintiffs contend that the court erred in denying their motion for a new trial in their claim against the defendants pursuant to 42 U.S.C.A. § 1983 (1981).[1] They also contend that the court (*Brennan, J.*) erred in granting the defendants a summary judgment on the ground that the plaintiffs' malicious prosecution claim against the officers was barred by the immunity provided them by section 8111(1)(C) of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1992). We affirm the judgment.

In the first count of their complaint and pursuant to section 1983, Dall and Staples allege that the severe beating inflicted on them by the defendants and the defendants' unnecessary use of Mace violated the Fourth Amendment prohibition of the seizure of persons by the use of excessive force. In a second count the plaintiffs allege that the officers maliciously and without probable cause instituted criminal proceedings against them that had terminated in favor of the plaintiffs. The defendants filed a motion for a summary judgment on both counts of the plaintiffs' complaint. After a hearing, the court denied the motion on the first count but granted it as to the second count, and a summary judgment was entered accordingly. The court stated that the Legislature intended to confer on the defendants "the broadest immunity for their actions in performing the discretionary functions of their job," and "even if in the case at hand, a reasonable inference could be drawn that the officers undertook the arrest maliciously, or otherwise acted in bad faith with respect to the arrest or subsequent prosecution, the officers are entitled to immunity under the law." After a jury trial, a judgment was entered in favor of the defendants on the plaintiffs' section 1983 claim. This appeal follows the plaintiffs' unsuccessful motion seeking a new trial in their section 1983 claim on the ground of newly discovered evidence.

## I.

### Section 1983 Claim

We first address the plaintiffs' contention that the trial court erred in denying their motion for a new trial on their section 1983 claim. Their motion was based on the fact that one day after the jury verdict the deputy chief of the Brunswick Police Department announced in a newspaper interview that the department had changed its policy concerning the use of force during arrests and had instructed its officers to resort to the use of Mace more quickly when attempting to subdue persons resisting arrest. The deputy chief testified further about this policy change during the hearing on the plaintiffs' motion for a new trial.

A new trial on the basis of newly discovered evidence is warranted when the new evidence 1) would probably produce a different result in a new trial; 2) was discovered since the trial; 3) could not have been discovered before the trial by the exercise of due diligence; 4) is material to the issues tried; and 5) is not merely cumulative or impeaching, unless such impeachment would have resulted in a different verdict. *See State v. Rich*, 592 A.2d 1085, 1087 (Me.1991); *State v. O'Clair*, 292 A.2d 186, 196–97 (Me.1972). The trial court's determination of the weight and credibility of the newly discovered evidence must stand unless clearly erroneous. *See State v. Arnold*, 434 A.2d 57, 60 (Me.1981). In light of the trial evidence, we find no clear error in the trial court's determination that the plaintiffs failed to establish that the newly discovered evidence probably would

1. 42 U.S.C.A. § 1983 provides in pertinent part: Every person who, under the color of [law, subjects another] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

produce a different result if a new trial were granted.

## II.

### *Malicious Prosecution Claim*

■ We next consider the plaintiffs' contention that the trial court erred in granting the defendants' motion for a summary judgment on their malicious prosecution claim. The plaintiffs argue that section 8111(1)(E) of the Maine Tort Claims Act specifically excepts from the immunity provisions any intentional acts or omissions found to be in bad faith, and thus their malicious prosecution claim cannot be barred as a matter of law. We disagree.

Section 8111(1) provides in pertinent part:

1. **Immunity.** Notwithstanding any liability that may have existed at common law, employees of governmental entities shall be absolutely immune from personal civil liability for the following:

. . . .

C. Performing or failing to perform any discretionary function or duty, whether or not the discretion is abused; and whether or not any statute, charter, ordinance, order, resolution, rule or resolve under which the discretionary function or duty is performed is valid; [or]

. . . .

E. Any intentional act or omission within the course and scope of employment; provided that *such immunity shall not exist in any case in which an employee's actions are found to have been in bad faith.*

(emphasis added). By its plain language section 8111(1)(C) confers immunity on the police officers for their decision to prosecute the criminal charges on which the malicious prosecution claims are based. The proviso contained in subparagraph E that excludes actions in bad faith is limited to that subparagraph's broad grant of immunity for "any intentional act or omission within the course and scope of employ-

ment." The immunity granted in the more limited circumstances described in subparagraphs A through D is absolute and not qualified by the bad faith proviso in subparagraph E.[2] We conclude, therefore, that the summary judgment in favor of the officers was correct.

The entry is:

Judgment affirmed.

WATHEN, C.J., and CLIFFORD, COLLINS and RUDMAN, JJ., concurring.

GLASSMAN, Justice, dissenting.

I must respectfully dissent to part II of the Court's opinion. I cannot concur in the judgment of the Court, affirming the decision of the trial court, that as a matter of law 14 M.R.S.A. § 8111(1)(C) (Pamph.1992) provides the defendant police officers with absolute immunity from civil liability. Absent such immunity, the sole function of the trial court was to determine whether a genuine issue of any material fact existed in this case. Bad faith, implicit in any claim for malicious prosecution, presents a genuine issue of material fact which must be determined by the factfinder. Such an issue could not be decided by the trial court in the context of the defendants' motion for a summary judgment regardless of the likelihood that the plaintiffs would prevail at trial. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 56.4 at 39 (1st ed. 1970). Accordingly, on the record before us, the trial court erred in granting the defendants' motion for a summary judgment. *See* M.R.Civ.P. 56.

We have noted on numerous prior occasions that "the cardinal rule in construing a statute is to ascertain the intendment of the Legislature. *State v. Philbrick,* 402 A.2d 59, 62 (Me.1979) (citing *State v. Hussey,* 381 A.2d 665, 666 (Me.1978). The court's analysis must attempt to find a meaning that is consistent with the overall statutory context, the subject matter of the statute, its purpose, the occasion and neces-

---

2. The Legislature understood the distinction between qualified and absolute immunity. *See* House Amendment A to L.D. 923, No. H-158, Statement of Fact (113th Legis.1987); and P.L. 1987, ch. 740, § 8.

sity of the law and the consequences of its interpretation. *Id.*

It is evident that section 8111 provides an absolute shield to governmental employees from civil liability for some but not all of their behavior. My dissent from the Court's opinion centers on the applicability of the clause contained in subparagraph E that excludes actions in bad faith from that absolute shield. The Court bases its determination that the exclusion is not applicable to the actions described in subparagraphs A through D on the fact that the clause is contained within subparagraph E. The consequence of this interpretation is to provide to a government employee the shield of absolute immunity for actions described in subparagraphs A through D regardless of the egregiousness of the action or of the injury to another proximately caused by that action. I cannot agree that this was the intent of the Legislature, nor in my opinion, does an analysis of the statute support the Court's interpretation. *See Seven Islands Land Co. v. Maine Land Use Reg.*, 450 A.2d 475, 480 (Me.1982) (clauses in statute must be read in context of entire statutory scheme so all its provisions are in harmony and effectuated).

Subparagraphs A through E describe certain behavioral acts. The clause at issue reads: "provided that *such immunity* shall not exist *in any case* in which any employee's actions are found to have been in bad faith." (Emphasis added). The referent for the words "such immunity" is the subject of the applicability of the entire clause. Neither subparagraph E, nor subparagraphs A through D, contain a referent to these words. Each of the subparagraphs describes a type of behavioral action, not a type of legal immunity. The sole referent to the words "such immunity" lies within section 1 of the statute, which recites that "employees of governmental entities shall be absolutely immune from personal civil liability" for the types of behavioral actions described in subparagraphs A through E. Thus, it seems clear that the intent of the Legislature was to modify the general grant of *absolute immunity* by excluding from its shield certain behavioral actions. The excluded ac-

tions are defined by the words *"in any case* in which an employee's actions are found to have been in bad faith." (Emphasis added). The words "in any case" encompass the behavioral actions described in subparagraphs A through E and remove such actions from the shield of absolute immunity if such actions are found to have been in bad faith. *Cf. Buckley v. Fitzsimmons,* — U.S. —, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (discussion of exceptions to common law grant of "absolute immunity" to prosecutors).

I would vacate the summary judgment entered in the plaintiffs' malicious prosecution claim against the defendants and remand the case to the Superior Court.