**Gerald RICH**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued March 28, 1995.

Decided May 24, 1995.

Andrew J. Smith (orally), Bangor, for defendant.

R. Christopher Almy, Dist. Atty., Jeffrey M. Silverstein (orally), Asst. Dist. Atty., Bangor, for State.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

GLASSMAN, Justice.

In *State v. Rich,* 592 A.2d 1085 (Me.1991), we affirmed the judgments entered in the Superior Court (Penobscot County, *Pierson, J.*) on jury verdicts finding Gerald Rich guilty of burglary, 17–A M.R.S.A. § 401 (1983), and receiving stolen property, 17–A M.R.S.A. § 359 (1983). Thereafter, pursuant to 15 M.R.S.A. § 2131 (Supp.1994), we granted a certificate of probable cause to Rich on his appeal from the judgment entered in the Superior Court (Penobscot County, *Mead, J.*) denying his petition for post-conviction relief.

A review of the record of that proceeding discloses that Rich failed, at the hearing before the Superior Court on his petition for post-conviction relief, to preserve the issue for which the probable cause certificate was granted.[1] Accordingly, we vacate the order granting the certificate of probable cause as having been improvidently granted.

The entry is:

Order granting certificate of probable cause vacated.

All concurring.

1. *Maine Criminal Practice* states:

At the time of the preparation of the memorandum in support of issuance of a certificate of probable cause, the Law Court will have received from the Superior Court all original papers in the proceeding, Rule 76(e)(2), but the record on appeal will not have been filed in the Law Court, *see* Rules 77(c) and (f). Consequently, reference in the memorandum to the post-conviction proceedings will be hindered by the unavailability of a record on appeal. Cluchey & Seitzinger, 3 *Maine Criminal Practice,* § 76.6, n. 33 (Rev.Ed.1994).