Harold G. ABBEY, Plaintiff,

v.

BILL USSERY MOTORS, INC.: L.P. Evans of West Palm Beach, Inc.; Mercedes–Benz of North America, Inc.; Mercedes–Benz A.G.; and Robert Bosch Gmbh, Defendants.

Robert Bosch GMBH, Counter–Plaintiff,

v.

Harold G. Abbey, Counter–Defendant.

No. 93–6231CIV.

United States District Court, S.D. Florida.

Feb. 28, 1999.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

FERGUSON, District Judge.

This cause is before the Court for resolution of Defendants' Motion for Summary

Judgment of Non–Infringement [D.E. 356]. The Court having considered the motion, responses and pertinent parts of the record, it is

**ORDERED AND ADJUDGED** that Defendants' Motion is **GRANTED.**

In this patent case, the plaintiff alleges that products made and sold by Defendants infringe Plaintiff's U.S. Patent No. 4,387,685 ("the '685 patent"). The '685 patent relates to a fluidic control system having a casing into which a fluid is admitted. A movable spool is supported within the casing.

On July 20, 1998, the Court conducted a hearing pursuant to *Markman v. Westview Instruments,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), where the parties presented to the Court issues concerning the proper construction of the '685 patent claims. Defendants argued that all of the claims of the '685 patent require an "interior passage" within the movable spool, while Plaintiff argued that the claims did not require an "interior passage."

On October 19, 1998, the Court announced its decision on the claims-construction issue, holding that every claim of the '685 patent required an "interior passage." The Court's decision was memorialized in a Memorandum Opinion and Order entered on February 26, 1999.

After the Court announced its decision, Defendants filed the present motion for summary judgement. Pointing to admissions made by Plaintiff during his deposition in this case, and by Plaintiff's counsel during the July 20, 1998 *Markman* hearing, Defendants allege that it was an uncontested fact that the devices made and sold by the Defendants did not include an "interior passage." Thus, Defendants argue, as a matter of law their devices could not infringe the '685 patent as properly construed by the Court.

In Plaintiff's Response to Defendants' Motion for Summary Judgment of Non–Infringement, he merely reargues the claim-construction issue. Plaintiff did not present any other factual or legal argument that would create or show material issues. Particularly the Plaintiff does not assert that the Defendants' devices include an "interior passage."

### Summary Judgment Standard

Rule 56, Fed.R.Civ.P., states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

As a matter of law, to establish liability for patent infringement the plaintiff must prove that each and every limitation of at least one of the patent's claims is present in the accused device. *See, e.g., London v. Carson Pirie Scott & Co.,* 946 F.2d 1534, 1538–39 (Fed.Cir.1991). After the *Markman* hearing, this Court ruled that the required presence of an "interior passage" was a limitation of each of the claims of the '685 patent. In their moving papers, Defendants set forth evidence, including admissions by the Plaintiff that the Defendants' devices do not have an "interior passage" and, therefore, cannot infringe.

Thus, Plaintiff's burden in responding to Defendants' motion was to show that there was at least a genuine issue of fact as to whether an "interior passage" was present in the accused devices because without an "interior passage" there could be no infringement. Failing such a showing, Fed. R.Civ.P. 56 "mandates" that the Court grant summary judgment of noninfringement. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see, e.g., London,* 946 F.2d at 1541 (holding defendant was "entitled" to summary judgment of noninfringement "as a matter of law").

### Conclusion

In his response, the Plaintiff does not address the critical issue in this motion for summary judgment, namely Defendants' proof that its devices do not include the required "interior passage." In fact, the Plaintiff repeatedly admitted that there

was no "interior passage" in the Defendants' devices. In his deposition taken on September 8, 1993, there was the following exchange:

Q. [counsel] So we can be clear, not just in the drawing, but in the actual device there is no interior passageway?

A. [plaintiff] No interior passageway.

(Transcript of the deposition of Harold G. Abbey at p. 134, lines 11–14.)

Thus, in light of the Court's *Markman* ruling that an interior passage is a required element of each claim of the '685 patent and in the absence of any genuine issue of material fact, Defendants are entitled to judgment as a matter of law.

For these reasons, and after careful review of the pleadings, motion papers, and evidence in this case, it is

**ORDERED AND ADJUDGED** that Defendants' motion for summary judgment of noninfringement is **GRANTED.**