958 F.2d 219
 139 L.R.R.M. (BNA) 2718, 121 Lab.Cas. P 10,031,
22 Fed.R.Serv.3d 154, 7 IER Cases 455
 Alan KING, Appellant,
v.
HOOVER GROUP, INC.; International Association of Machinists
& Aerospace Workers; and Local 543, Appellees.
Alan KING, Appellee,
v.
HOOVER GROUP, INC., Appellant,
International Association of Machinists & Aerospace Workers;
Local 543.
 Nos. 91-1551, 91-2093.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 13, 1991.
Decided March 2, 1992.
 
 Robert W. Chapin, Lincoln, Neb., argued, for appellant.
 Michael Duffee, Chicago, Ill., argued (Brian Bulger and Colette Foissotte, Chicago, Ill., Mark Schorr, Lincoln, Neb., on the brief), for appellees.
 Before LAY,* Chief Judge, ARNOLD,** Circuit Judge, and STUART,*** Senior District Judge.
 LAY, Chief Judge.
 
 
 1
 Alan King brought suit in federal district court against Hoover Group, Inc. (Hoover) and International Association of Machinists and Aerospace Workers (union) and Local 543 (local) alleging that Hoover had breached its contract with King and that the unions had breached their duty of fair representation. Summary judgment against King was entered on those issues. See King v. Hoover Group, Inc., et al., no. CV89-L-220 (D.Neb. June 4, 1990) (King I ). King then filed a grievance with the union on June 2, 1988, and it was denied the same day. He then appealed to the second and third step specified by his union contract in the event of a dispute, and was again denied. The approval of the local union was necessary before King could proceed to arbitration, and the union voted to arbitrate the grievance subject to the approval of the shop committee. The shop committee did not give its approval. On November 8, 1988, Hoover and the union entered into an agreement discharging the arbitrator and settling the case. Rather than appeal from the district court's summary judgment against his claim, King attached a new label to his suit to enforce his "contractual right" to a hearing and refiled that claim in the Nebraska state courts under Nebraska Revised Statute section 20-148 (1987). (King II ). King claimed in his complaint that his union contract with Hoover created a property right in his job and a reasonable expectation of due process prior to termination of that property interest. This suit was removed to the district court,[1] which recognized King's actions in King II as an attempt to relitigate the same claims raised in King I against the same defendants, and therefore dismissed King II as being barred by the doctrine of res judicata. King appeals that judgment.
 
 Jurisdiction
 
 2
 On appeal, King contends that removal to the federal district court by Hoover on the basis of federal jurisdiction was improper because he raised his claim under Nebraska Revised Statute section 20-148 (1987).[2] He cites a district court decision, Langemeier, et al. v. United Food and Commercial Workers, CV89-L411 (D.Neb.1990) (unpublished), to support his claim that the statute creates a unique cause of action based on state law.
 
 
 3
 The Supreme Court has recognized the applicability of the "complete preemption doctrine" in cases asserting state law claims which seek to enforce rights that arise under collective bargaining agreements.[3] Teamsters v. Terry, 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). This doctrine allows removal to a federal court even though the federal question does not appear on the face of the complaint. DeSantiago v. Laborers Int'l Union, Local 1140, 914 F.2d 125, 127 (8th Cir.1990) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Section 301 preempts state law claims that are "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.' " DeSantiago, 914 F.2d at 128 (citations omitted).
 
 
 4
 King's claim is substantially dependent upon the terms of the labor agreement:
 
 
 5
 12) Plaintiff alleges that he has reasonable expectation that he could only be fired for cause and he has reasonable expectation that he would be entitled to hearing prior to termination constitute a property interest.
 
 
 6
 ....
 
 
 7
 23) Plaintiff alleges that the defendants deprived him contrary to Neb.Rev.St[at.] 20-148 of his due proc[es]s to a hearing and denied him of his due process as guaranteed by the contract and the rules and regulations in effect by taking away his job without providing him with the right to a hearing. Thus, depriving him of property without due process contrary to the Fifth and Fourteenth Amendment[s] of the United States Constitution. [sic]
 
 
 8
 Plaintiff's Complaint at 3-4 (emphasis added). Interpretation of the labor agreement is governed by federal law. We find the case properly removed.
 
 Res Judicata
 
 9
 Under Nebraska law the doctrine of res judicata bars the relitigation of a claim if 1) the prior judgment was rendered by a court of competent jurisdiction; 2) the prior judgment was a final judgment on the merits; and 3) the same cause of action and the same parties or their privies were involved in both cases. Kerndt v. Ronan, 236 Neb. 26, 458 N.W.2d 466 (1990); State v. Gerdes, 233 Neb. 528, 446 N.W.2d 224 (1989); NC+Hybrids v. Growers Seed Assn., 228 Neb. 306, 422 N.W.2d 542 (1988); Murphy v. Jones, 877 F.2d 682, 684 (8th Cir.1989). Once a court with jurisdiction to hear a matter has entered a final judgment on the merits, the parties and their privies are forever bound. Kerndt, 458 N.W.2d at 468-69; Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). A final judgment on the merits bars future claims by the same parties based on the same cause of action. Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); Lane v. Peterson, 899 F.2d 737 (8th Cir.) cert. denied, --- U.S. ----, 111 S.Ct. 74, 112 L.Ed.2d 48 (1990).
 
 
 10
 King II satisfies those criteria. The district court had proper jurisdiction over the parties in King I : King brought that action initially in federal district court under section 301 of the Labor Management Relations Act. The district court's grant of summary judgment in King I, dismissing King's action in its entirety, was a final judgment on the merits. The parties in both cases are identical. Thus, King's second action was precluded by res judicata. King also attempted to relitigate these same claims against the same defendants by moving to amend his complaint in King I, but the district court denied the amendment. It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading. See, e.g., Carter v. Money Tree Co., 532 F.2d 113, 115 (8th Cir.), cert. denied, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380 (1976). The parties being the same and the issues having already been adjudicated, the district court properly ruled that the claims raised in King II were not only preempted by section 301 but also barred by the doctrine of res judicata.
 
 Sanctions
 
 11
 Hoover argues that the district court abused its discretion by refusing to sanction King and his counsel under Federal Rule of Civil Procedure 11 for filing and maintaining a frivolous suit. Hoover claims King 1) ignored relevant Supreme Court authority stating that state law cannot serve as a procedural mechanism for enforcing rights derived from union contracts (Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985)); 2) attempted to circumvent the principles of res judicata by bringing the same claims he had been denied leave to amend his original complaint to include (Carter v. Money Tree, 532 F.2d 113 (8th Cir.), cert. denied, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380 (1976)); and 3) escalated costs unnecessarily and vexatiously (Lupo v. Rowland & Co., 857 F.2d 482 (8th Cir.1988), cert. denied, 490 U.S. 1081, 109 S.Ct. 2101, 104 L.Ed.2d 662 (1989)). The district court denied sanctions on the basis that its earlier unpublished opinion in Langemeier provided a reasonable basis for King's counsel to assert that his cause of action was grounded on state law only. Hoover claims that Nebraska law requires that King and his attorney be sanctioned by the district court because the Supreme Court of Nebraska has stated that where the doctrine of res judicata bars a subsequent action, if that action is brought, sanctions are appropriate. Graham v. Waggener, 219 Neb. 907, 367 N.W.2d 707, 710 (1985). However, whether sanctions are to be imposed is a matter of federal law under Rule 11. O'Connell v. Champion Intern. Corp., 812 F.2d 393, 395 (8th Cir.1987). Whether or not a violation has occurred is a matter for the court to determine and its decision is due substantial deference from a reviewing court. Id. We find the district court erred in determining that sanctions and costs were inappropriate. King's counsel should have realized that King II was barred by King I because of the identity of the facts and issues. Furthermore, res judicata bars relitigation not only of those matters that were actually litigated, but also those which could have been litigated in the earlier proceeding. Dakota Title & Escrow Co. v. World-Wide Steel Systems, Inc., 238 Neb. 519, 471 N.W.2d 430 (1991). King's good faith reliance that Langemeier provided, solely, a state cause of action, was clearly unreasonable. The doctrine of res judicata dictates that any right, fact, or matter expressly or directly adjudicated on the merits before a court of competent jurisdiction is conclusively settled and "may not be relitigated by the parties to the previous action, whether the claim, demand, purpose or subject matter would or would not be the same as that in the previous litigation." Kerndt v. Ronan, 458 N.W.2d at 469.
 
 
 12
 We reverse on the issues of sanctions and costs and remand to the district court for proceedings consistent with this opinion.
 
 
 
 *
 The HONORABLE DONALD P. LAY was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed
 
 
 **
 The HONORABLE RICHARD S. ARNOLD became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992
 
 
 ***
 The HONORABLE WILLIAM C. STUART, United States Senior District Judge for the Southern District of Iowa, sitting by designation
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 Neb.Rev.Stat. § 20-148 (1987) states:
 Deprivation of constitutional and statutory rights, privileges, or immunities; redress.
 (1) Any person or company, as defined in section 49-801, except any political subdivision, who subjects or causes to be subjected any person of this state or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the United States Constitution or the Constitution and laws of the State of Nebraska, shall be liable to such injured person in a civil action or other proper proceeding for redress brought by such injured person.
 (2) The remedies provided by this section shall be in addition to any other remedy provided by Chapter 20, article I, and shall not be interpreted as denying any person the right of seeking other proper remedies provided thereunder.
 Neb.Rev.Stat. § 20-148 (1987).
 Section 49-801 states, in pertinent part;
 (4) Company shall include any corporation, partnership, joint-stock company, joint venture, or association;
 ....
 (16) Person shall include bodies politic and corporate, societies, communities, the public generally, individuals, partnerships, joint stock-companies, and associations.
 
 
 [3]
 The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a) (1990) provides, in pertinent part, that "[s]uits for violations of contracts between an employer and a labor organization ... or between any such labor organizations, may be brought in the district court of the United States...."