Robert W. KEARNS, Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION and Brown's Buick & Isuzu, Defendants–Appellees.

No. 94–1057.

United States Court of Appeals, Federal Circuit.

Aug. 28, 1996.

Rehearing Denied Sept. 26, 1996.

Robert W. Kearns, Queenstown, Maryland, pro se.

D. Dennis Allegretti, Banner & Allegretti, Boston, Massachusetts, for defendants-appellees.

Before NEWMAN, Circuit Judge, NIES, Senior Circuit Judge,* and PLAGER, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Robert W. Kearns appeals the dismissal, by the United States District Court for the Eastern District of Virginia, of his suit for patent infringement against the General Motors Corporation and Brown's Buick & Isuzu.[1] The district court held that the action was res judicata based on the involuntary dismissal of an infringement action brought by Dr. Kearns against General Motors in the United States District Court for the Eastern District of Michigan. The Michigan action had been dismissed before trial, for Dr. Kearns' failure to comply with certain deadlines and other orders of the court. There was no adjudication of the merits by the Michigan court; the dismissal was on procedural grounds, and was preceded by the district court's refusal to permit Dr. Kearns, appearing *pro se,* tardily to amend his complaint to add other patents to the five patents that were identified in the complaint.

In the Virginia complaint Dr. Kearns included the five patents that were before the Michigan court plus sixteen additional patents. The Virginia district court held that all twenty-one patents "should have been litigated in the Detroit litigation and they're barred by not having been so." Concerning the devices asserted to be infringing, the Virginia court stated that "even if the controls in the instant case differ from the controls litigated in the Michigan case, the case is still barred by res judicata." Neither the Michigan court nor the Virginia court made any substantive determination with respect to any patent or any accused device. The Virginia court did not identify the inventions claimed in any of the patents: the five patents that were also

---

* Senior Judge Helen Wilson Nies died on August 7, 1996. The case was decided by the remaining judges in accordance with Fed. Cir. Rule 47.11.

1. *Kearns v. General Motors Corp.,* C.A. No. 93–966–A (E.D.Va. Aug. 29, 1993), *reconsid'n denied,* Sept. 28, 1993, Oct. 26, 1993.

in the Michigan complaint and the sixteen additional patents that were only in the Virginia complaint.

We agree with the Virginia district court that the Michigan decision was res judicata in Virginia as to the five patents that were before the Michigan court. That suit could not be reopened in Michigan, and thus could not be opened in Virginia. However, we conclude that the Michigan decision was not res judicata as to the sixteen patents that were presented for the first time in the Virginia complaint.

## DISCUSSION

The complaint that was filed in Michigan charged General Motors with infringement of five specified patents. A letter from General Motors to Dr. Kearns dated September 2, 1992, relating to discovery, acknowledged only the five patents in suit. On July 2, 1993 the special master issued an order which stated that "Dr. Kearns' letter of June 24, 1993 refers to some 7,424 claim-circuit combinations potentially at issue, involving 23 different patents. There are only five patents in this suit from which to select claims." At a hearing on July 21, 1993 the Michigan court stated that there were only five patents in suit, a statement to which both General Motors and Dr. Kearns agreed.

In its Memorandum accompanying its order of involuntary dismissal, the Michigan court referred to the five patents as the only patents in suit. "Plaintiff alleges ownership of five patents as follows: [five patent numbers listed]." The Memorandum also quotes the special master's order that "There are only five patents in this suit from which to select claims." The district court's order of dismissal did not, either directly or indirectly, include the still-unidentified patents that had not been asserted against General Motors.

The basis of the dismissal in Michigan was Dr. Kearns' inadequate compliance with the court's orders and deadlines. Thus the Michigan court rejected Dr. Kearns' attempt to amend his complaint after the court's final deadline. Although Dr. Kearns apparently argued that he needed additional discovery to determine which models infringed which patents, the Michigan court concluded that dismissal under Fed.R.Civ.P. 41(b)[2] was appropriate. That decision was affirmed by this court, and is not subject to collateral attack. *Kearns v. General Motors Corp.*, 31 F.3d 1178 (Table), 33 USPQ2d 1696 (Fed.Cir. 1994) (nonprecedential), *cert. denied,* —— U.S. ——, 115 S.Ct. 1105, 130 L.Ed.2d 1071 (1995).

A dismissal pursuant to Rule 41(b) is deemed to be on the merits unless the dismissing court specifies otherwise. However, the Michigan decision disposed of only the five patents that were before that court. Each of the sixteen additional patents in the Virginia complaint is, by law, directed to a separate invention. 35 U.S.C. § 101. Indeed, two independent and distinct inventions can not be claimed in the same patent. *See* 35 U.S.C. § 121:

> If two or more independent and distinct inventions are claimed in one application, the Commissioner may require the application to be restricted to one of the inventions.

By statutory and common law, each patent establishes an independent and distinct property right. *See Consolidated Fruit–Jar Co. v. Wright,* 94 U.S. 92, 96, 24 L.Ed. 68 (1876) ("A patent for an invention is as much property as a patent for land. The right rests on the same foundation, and is surrounded and protected by the same sanctions."); *Carl Schenck, A.G. v. Nortron Corp.,* 713 F.2d 782, 786 n. 3, 218 USPQ 698 (Fed.Cir.1983) (a patent is a property right).

Each patent asserted raises an independent and distinct cause of action. Just as infringement of one patent is not a ground

**2. Rule 41(b) Involuntary Dismissal: Effect Thereof.**

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

of liability for infringement of a different patent, so an involuntary dismissal of a suit regarding one patent is not a ground for dismissal of a different suit on a different patent. A possible basis for barring the different suit is that the causes of action should have been litigated together. However, precedent illustrates that, in cases in which res judicata was applied solely on the basis that a second cause of action could have been included with the first, the first case was fully litigated on its merits and the same issues were raised in the second case. *E.g., Mars Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616, 35 USPQ2d 1311 (Fed.Cir. 1995) (claim preclusion barred separate infringement action against Japanese parent corporation after plaintiff had obtained final judgment against its wholly owned American subsidiary); *Pfaff v. Wells Electronics, Inc.,* 5 F.3d 514, 28 USPQ2d 1119 (Fed.Cir.1993) (interpretation of a patent claim in prior infringement litigation has issue preclusive effect in second case between same parties; however, disputed facts concerning different accused devices rendered summary judgment improper); *Del Mar Avionics, Inc. v. Quinton Instrument Co.,* 836 F.2d 1320, 1324, 5 USPQ2d 1255, 1258 (Fed.Cir.1987) ("a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action") (quoting *Cromwell v. County of Sac,* 94 U.S. (4 Otto) 351, 356, 24 L.Ed. 195 (1876)). When applying res judicata to bar causes of action that were not before the court in the prior action, due process of law and the interest of justice require cautious restraint. Restraint is particularly warranted when the prior action was dismissed on procedural grounds.

■ Neither the Michigan nor the Virginia Court discussed the substance of any of the patents before it. However, the Virginia court summarily barred Dr. Kearns from enforcing any of these twenty-one patents. This action rendered unenforceable and useless sixteen patents that had never been before any court. Such a destruction of property rights demands adequate procedural and substantive bases. Rule 41(b) does not reasonably impose res judicata upon causes of action that were not pled in the dismissed action. *See Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (res judicata requires that there have been "a full and fair opportunity to litigate" the precluded subject matter).

■ The Michigan court, dismissing Kearns' complaint on procedural grounds, did not, because it could not, reach out to extinguish substantive patent rights that were not before it. In *Lawlor v. National Screen Serv., Corp.,* 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955) the Court, discussing res judicata in connection with a procedural dismissal with prejudice, observed that "the judgment was unaccompanied by findings and hence did not bind the parties on any issue ... which might arise in connection with another cause of action." Res judicata does not automatically apply to claims that might have been included in the prior complaint; it must be shown that they necessarily were included in the judgment, and that the interest of justice is not disserved by applying res judicata to claims that were never presented for adjudication. *See Brown v. Felsen,* 442 U.S. 127, 132, 99 S.Ct. 2205, 2210, 60 L.Ed.2d 767 (1979) ("Because res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. It is therefore invoked only after careful inquiry.").

■ Issue preclusion, of narrower scope than res judicata, requires that the identical issue was decided on the merits between the same parties. 1B James W. Moore et al., *Moore's Federal Practice* ¶¶ 0.401, 0.405, 0.441 (2d ed.1992). In the case at bar it is not possible to show that the identical issue was presented in the sixteen patents that were not before the Michigan court, as in the five patents that were; for each patent, by law, covers a independent and distinct invention. Further, infringement must be separately proved as to each patent. *See generally Young Engineers, Inc. v. United States Int'l Trade Comm'n,* 721 F.2d 1305, 1316, 219

USPQ 1142, 1152 (Fed.Cir.1983), wherein this court stated, albeit in dictum, that "With respect to patent litigation, we are unpersuaded that an 'infringement claim,' for purposes of claim preclusion, embraces more than the specific devices before the court in the first suit." *See also, e.g., Angel v. Bullington,* 330 U.S. 183, 203, 67 S.Ct. 657, 668, 91 L.Ed. 832 (1947) ("It is not every case in which a litigant has had 'one bite at the cherry' that the law forbids another. In other words, it is not every such case in which the policy of stopping litigation outweighs that of showing the truth.") *See generally* 18 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* §§ 4419, 4442, 4443 (1981) (discussing the appropriateness of a flexible view); *Restatement (Second) of Judgments* § 27 comment e (1982) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated" and issue preclusion does not apply.)

We conclude that the dismissal of the Michigan suit under Rule 41(b) did not impose the bar of res judicata upon patents that had not been included in the Michigan suit, were not before the Michigan court, and were not part of the Michigan judgment. Precedent cautions that res judicata is not readily extended to claims that were not before the court, and precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial.

We conclude that the Michigan dismissal was res judicata only with respect to the five patents that were before the Michigan court. The dismissal is affirmed as to these five patents. The dismissal is vacated as to the sixteen patents that were not before the Michigan court. The case is remanded for appropriate further proceedings.

Costs to Dr. Kearns.

*AFFIRMED IN PART, VACATED IN PART, and REMANDED.*