NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1050

HAROLD G. ABBEY,

Plaintiff-Appellant,

v.

MERCEDES BENZ OF NORTH AMERICA, INC.,
VOLVO CARS OF NORTH AMERICA CORPORATION,
JAGUAR CARS NORTH AMERICA, and ROBERT BOSCH CORP.,

Defendants-Appellees.

_____

DECIDED:  May 11, 2005

_____

Before MAYER, CLEVENGER and SCHALL, <u>Circuit Judges</u>.

CLEVENGER, <u>Circuit Judge</u>.

Harold G. Abbey ("Mr. Abbey") appeals the decision of the United States District Court for the Southern District of Florida granting Defendants' Motion for Summary Judgment of Res Judicata.  <u>See</u> <u>Abbey v. Mercedes Benz of N. Am., Inc.</u>, No. 04-80136 (S.D. Fla. Aug. 3, 2004).  Because Mr. Abbey's claims flowing from U.S. Patent No. 5,359,977 ("the '977 patent") are not precluded by the final judgment concluding <u>Abbey v. Bill Ussery Motors, Inc.</u>, No. 93-6231 (S.D. Fla. Feb. 28, 1999), <u>aff'd</u>, <u>Abbey v. Robert Bosch GmbH</u>, No. 99-1169 (Fed. Cir. Oct. 6, 1999) (unpublished), <u>cert. denied</u>, 529 U.S. 1009 (2000), we <u>vacate</u> that part of the district court's decision and <u>remand</u>.

I

On March 18, 1993, Mr. Abbey filed a lawsuit against two Mercedes-Benz dealers, Mercedes-Benz of North America, Inc., Daimler-Benz, A.G., and Robert Bosch GmbH for patent infringement, citing, among others, U.S. Patents No. 4,387,685 ("the '685 patent") and No. 4,895,184 ("the '184 patent"), and U.S. Patent Application No. 07/795/928. Mr. Abbey identified the products at issue as "either CIS Fuel Injection or KE 111 Electro Mechanical Fuel Injection or merely KE 5 Electro Mechanical Fuel Injection."

Mr. Abbey stated in a deposition that Defendants had not infringed the '184 patent. Defendants promptly filed a Motion to Dismiss Portions of the Complaint Pursuant to Rule 11. Mr. Abbey agreed to do so, stating in his Motion to Substitute the Proposed Amended Second Compliant: "[I]n response to Motion of Defendants to Impose Rule 11 Sanctions, and in response to information received on Discovery, Plaintiff has determined that, at this point in the litigation, he will further revise his complaint to eliminate" certain claims of infringement including claims pertaining to the '184 patent.

On January 12, 1994, reexamination of the '685 patent was requested. In light of the reexamination proceedings, on February 6, 1996, the trial court dismissed the case without prejudice and retained jurisdiction to reinstate the action following the Patent Office reexamination proceedings.

United States Patent Application No. 07/795/928 issued as the '977 patent on November 1, 1994.

On February 3, 1998, the '685 patent emerged from reexamination in an amended form. The district court reinstated the case on May 21, 1998, and at a pre-trial conference on October 19, 1998, construed the claims of the '685 patent. Mr. Abbey's counsel filed a motion to withdraw from representation on November 12, 1998, apparently conceding in the motion that the district court's claim interpretation was "fully dispositive."

On February 22, 1999, Mr. Abbey filed a third amended complaint asserting the '977 patent. Six days later, on February 28, 1999, the district court entered summary judgment of noninfringement. The court's order reflects that it considered only the '685 patent. On March 3, 1999, the court dismissed Mr. Abbey's third amended complaint "as moot." Mr. Abbey appealed the decision to this court. See Abbey v. Robert Bosch GmbH, No. 99-1169 (Fed. Cir. Oct. 6, 1999), cert. denied, 529 U.S. 1009 (2000). Our unpublished opinion affirms the trial court's conclusion that the reexamined '685 patent is not infringed.

On December 13, 2002, Mr. Abbey filed a new action ("second case" or "second lawsuit") in the United States District Court for the District of New Jersey. He named as defendants, Mercedes-Benz of North America, Inc., Volvo Cars of North America Corporation, Jaguar Cars North America and Robert Bosch Corporation. In the second case, Mr. Abbey asserted infringement of the '685 patent, the '184 patent, and the '977 patent.

The second case was transferred to the United States District Court for the Southern District of Florida. Shortly thereafter, that court granted Defendants' Motion for Summary Judgment of Res Judicata. It found "three causes of action" in the second

case, "infringement of the '985 [sic], '184, and '977 patents, based on defendants' alleged sales of Bosch KE continuous-injection fuel injection products." According to the district court, "it is abundantly clear that the three causes of action in the instant case have been litigated to the point of final judgment in the First Florida Case," and "the defendants in the [second] case were either defendants in the First Florida Case or their privies."

Mr. Abbey appeals and 28 U.S.C § 1295(a)(1) confers jurisdiction on this court to review the district court's decision.

II

We conduct a complete and nondeferential review when a district court grants summary judgment. The aspect of the doctrine of res judicata at issue in the present case is more precisely known as claim preclusion. Whether a final judgment in a prior lawsuit precludes a claim in a later lawsuit is also a matter that we review without deference. See Hallco Mfg., Co. v. Foster, 256 F.3d 1290 (Fed. Cir. 2001). Where, as here, the issue of claim preclusion heavily implicates the patent law, we apply the applicable Federal Circuit precedent. See Hallco, 256 F.3d at 1294; Kearns v. General Motors Corp., 94 F.3d 1553 (Fed. Cir. 1996).

When a first lawsuit involving the same parties is finally adjudicated on the merits, the doctrine of claim preclusion may bar a second lawsuit on the same cause of action. See Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362-63 (Fed. Cir. 2000). We have endorsed the transactional approach for the analysis of what constitutes a cause of action. Id. Thus, claim preclusion properly applies to a claim in a second lawsuit where: (1) the parties are the same as or in privity with the parties of the

first lawsuit; (2) there has been a final judgment on the merits in the first lawsuit; and (3) the claims of the second lawsuit are based on the same cause of action, i.e., the same set of transactional facts, as the first lawsuit. Id.

### III

In this case, there can be no dispute that the first action was resolved by final judgment on the merits. In addition, Defendants have made a showing that there is no genuine issue of material fact that the second lawsuit involves the same parties. Defendants have also made a showing that there is no genuine issue of material fact that the second lawsuit involves the same products. The record does not reflect that Mr. Abbey was able to come forward with evidence of his own establishing a genuine issue of material fact on any of these issues. The question remaining in this case is whether any aspects of the second lawsuit comprise a cause of action independent and distinct from the first lawsuit.

In Kearns, the district court applied claim preclusion, dismissing a suit because five of the twenty-one patents asserted in the suit had been involuntarily dismissed in a prior lawsuit. See 94 F.3d at 1554-55. We rather emphatically disagreed, relying on the principle that "[e]ach patent asserted raises an independent and distinct cause of action." 94 F.3d at 1555. Kearns provides that normally when patents are not included in a suit, they are not before a court, and while preclusion may attach to certain issues,[1] causes of action based on patents that are not included in a suit are ordinarily not captured, and therefore precluded, by judgments that pertain to other patents.

---

[1]     See Amgen, Inc. v. Genetics Institute, Inc., 98 F.3d 1328 (Fed Cir. 1996).

IV

Claim preclusion clearly applies to the '685 patent because in the first lawsuit the district court, as well as this court, addressed the merits of Mr. Abbey's claims flowing from his rights in the reexamined '685 patent and Defendants' conduct in making, using, and selling the same fuel injector system products that are the subject of the second lawsuit.

Claim preclusion also clearly applies to the '184 patent. It was asserted in the first lawsuit. Mr. Abbey had a full and fair opportunity to litigate it, and on the facts of this case we think it was involuntarily dismissed after it became clear that Mr. Abbey's cause of action based in the '184 patent was no longer tenable.

However, claim preclusion does not apply to the '977 patent because that patent was not part of the first lawsuit. The '685 patent was reached for reexamination in January of 1994. At that point the '977 patent had not issued. The record before this court does not show that there was a high level of activity in the case after reexamination had been requested. In addition, the trial court dismissed the matter without prejudice for a substantial portion of that period to await the outcome of the reexamination proceedings. The case was not reinstated until May of 1998.

A patent application cannot be infringed. Therefore, statements in Mr. Abbey's complaint relating to the application which gave rise to the '977 patent do not reflect that he asserted a cause of action in the '977 patent.

Defendants argue that denial of leave to amend "constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." The case on which Defendants rely, see King v. Hoover Group, Inc., 958 F.2d 219, 222-23

(8th Cir. 1992), is inapposite to this one.  In contrast to this case, <u>King</u> involved the same cause of action.  958 F.2d at 221 ("King attached a new label to his suit . . . and refiled that claim").  In addition, the denial of leave to amend in <u>King</u> was focused on amendment directed to "relitigat[ing] the same claims . . . against the same defendants." <u>Id.</u>  Moreover, <u>King</u> is not a patent case and not subject to the holding of <u>Kearns</u>. Finally, of course, even if <u>King</u> could be read as Defendants wish it to be read, it sets forth Eighth Circuit law and does not bind us.  The district court case on which Defendants rely, <u>see</u> <u>Bailey v. Kenet</u>, 1995 U.S. Dist. LEXIS 20229 (S.D. Fla. Nov. 22, 1995), suffers from similar problems.

V

Because "[e]ach patent asserted raises an independent and distinct cause of action," <u>see</u> 94 F.3d at 1555, and because on this record, Mr. Abbey's claims of infringement of the '977 patent were never considered by the district court, they are not part of the final judgment that concluded the first lawsuit.  Accordingly, a claim of infringement based on the '977 patent is not precluded by that judgment and can be the subject of a second lawsuit.

No costs.