THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA  22313-1451
General Contact Number: 571-272-8500

KWM

Mailed: June 6, 2018

Cancellation No. 92066657

*Freki Corporation N.V. d.b.a. Pinnacle Sports Worldwide*

*v.*

*Pinnacle Entertainment, Inc.*

**Before Zervas, Shaw, and Coggins,
Administrative Trademark Judges.**

**By the Board:**

Now before the Board is Respondent Pinnacle Entertainment, Inc.'s ("Pinnacle") fully-briefed motion (filed October 23, 2017) for summary judgment on claim preclusion, on the basis that the petition for cancellation alleges compulsory counterclaims that were not timely asserted in a prior proceeding between the parties.

## The Prior Proceeding

Petitioner Freki Corporation ("Freki") owns registrations for the marks PINNACLE SPORTS AFFILIATES[1] and PINNACLE SPORTS DIRECT,[2] both in

---

[1] Registration No. 3981274, issued on June 21, 2011 on the Principal Register; Sections 8 and 15 declarations accepted and acknowledged.

[2] Registration No. 3981273, issued on June 21, 2011 on the Principal Register; Sections 8 and 15 declarations accepted and acknowledged.

standard character form, for a variety of advertising services in International Class 35 (collectively, "Freki's Registrations"). On October 12, 2016, Pinnacle commenced Cancellation Proceeding No. 92064595 (the "Prior Proceeding") in which Pinnacle sought to cancel Freki's Registrations on the grounds of nonuse, abandonment, and fraud. In support of its claims in the Prior Proceeding, Pinnacle pleaded, inter alia, ownership of registrations for the marks PINNACLE ENTERTAINMENT, in standard character form,[3] for amusement centers, casinos, golf courses, and night clubs in International Class 41, and PINNACLE ENTERTAINMENT, stylized,[4] for amusement centers, casinos, golf courses, night clubs, and a variety of entertainment services in International Class 41 ("Pinnacle's Registrations"). Freki filed an answer denying the salient allegations of the Prior Proceeding petition to cancel, and asserting as a sixth "affirmative defense" that Pinnacle

> has licensed and/or allowed its PINNACLE ENTERTAINMENT, PINNACLE ENTERTAINMENT FOUNDATION and PINNACLE CARES marks to be used without adequate quality controls and/or supervision and that this failure has resulted in a naked license rendering its licensed and/or used marks to be abandoned or abandoned for certain products or services or markets and these marks are unenforceable.[5]

On April 21, 2017, Pinnacle withdrew its petition to cancel Freki's Registrations in the Prior Proceeding without consent, when over two months remained in the discovery period.[6] On June 30, 2017, the Board dismissed the Prior Proceeding with prejudice.

---

[3] Registration No. 4196579, issued on August 28, 2012 on the Principal Register.

[4] Registration No. 4592969, issued on August 26, 2014 on the Principal Register.

[5] 6 TTABVUE 8 in Cancellation No. 92064595.

[6] In response to Pinnacle's withdrawal of its petition to cancel, Freki expressly stated that it

**The Instant Proceeding**

On August 11, 2017, Freki filed the instant petition to cancel Pinnacle's Registrations, alleging abandonment as a result of nonuse for three consecutive years, abandonment due to naked licensing, and fraud; in addition, it appears from Freki's brief in opposition to the motion for summary judgment that Freki also believes it attempted to allege nonuse as a separate ground ("Freki's Claims"). In support of its claims, Freki pleaded ownership of Freki's Registrations. In lieu of filing an answer, Pinnacle filed the instant motion for summary judgment. *See* Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1).

**Pinnacle's Motion for Summary Judgment**

Pinnacle seeks summary judgment based on claim preclusion, arguing that Freki's Claims should have been asserted as counterclaims in the Prior Proceeding, and therefore Freki is precluded from relying on these claims. 8 TTABVUE 4. Pinnacle argues that Freki acknowledged it was aware of the same facts on which Freki's Claims are based when it pleaded its affirmative defenses in the Prior Proceeding. *Id*. at 10. Pinnacle contends that when it withdrew from the Prior Proceeding, it did so in reliance on Freki's inability to assert its claims in a future case. *Id*. at 11. In support of its motion, Pinnacle submitted the pleadings from the Prior Proceeding.

did not consent to Pinnacle's withdrawal and requested that any dismissal of the Prior Proceeding be with prejudice. *See* 8 TTABVUE in Cancellation No. 92064595. *See also* Trademark Rule 2.114(c), 37 C.F.R. § 2.114(c).

In response,[7] Freki argues that its claims in the Instant Proceeding were not compulsory inasmuch as it had not yet received substantive discovery responses from Pinnacle when Pinnacle withdrew from the Prior Proceeding, and did not have enough information or facts to support a counterclaim to cancel Pinnacle's Registrations. 13 TTABVUE 7, 15. Freki argues that inasmuch as Pinnacle had pleaded fifteen registrations in the Prior Proceeding, it had no obligation to counterclaim to cancel each registration in order to preserve its rights against Pinnacle's pleaded registrations. *Id.* at 14-15, 17. Freki also contends that it might have amended its answer in the Prior Proceeding to assert its claims as counterclaims therein, but Pinnacle's withdrawal foreclosed its opportunity to amend. *Id.* at 16. Freki indicates it had received largely nonresponsive discovery responses from Pinnacle on February 8, 2017,[8] and agreed to "multiple extensions of time" to discuss resolution of various discovery issues, when Pinnacle withdrew its petition to cancel with two months remaining in the discovery period. *Id.* at 7, 10. Additionally, Freki points out that to the extent that the subject matter of its sixth affirmative defense in the Prior Proceeding should have been pleaded as a compulsory counterclaim, it

---

[7] Together with its opposition to the motion for summary judgment, Freki filed a request under Fed. R. Civ. P. 56(d) to conduct additional discovery it claims to need in order to respond to the motion. Inasmuch as Freki has filed a substantive response to Pinnacle's motion for summary judgment, the motion for Rule 56(d) discovery is denied as moot. *Ava Ruha Corp. v. Mother's Nutritional Ctr., Inc.*, 113 USPQ2d 1575, 1578 (TTAB 2015) (Fed. R. Civ. P. 56(d) motion denied as moot because party filed substantive response to summary judgment motion); *Ron Cauldwell Jewelry, Inc. v. Clothestime Clothes, Inc.*, 63 USPQ2d 2009, 2012 n.8 (TTAB 2002) (denying motion for Rule 56(f) (now Rule 56(d)) discovery where a responsive brief on the merits has been filed).

[8] Freki has submitted copies of Pinnacle's February 8, 2017 responses to Freki's interrogatories and document requests from the Prior Proceeding.

should affect only Freki's claim of abandonment through naked licensing in the Instant Proceeding. *Id*. at 14.

In reply, Pinnacle argues that the focus here should be on whether Freki was aware of the facts on which Freki's Claims are based at the time Freki filed its answer in the Prior Proceeding. 14 TTABVUE 3-4. Pinnacle maintains that Freki's affirmative defenses in the Prior Proceeding establish that Freki knew the grounds for these claims at the time it filed its answer in the Prior Proceeding, and that Freki does not provide any facts to the contrary. *Id*. Pinnacle further argues that to the extent Freki maintains that discovery responses would have alerted it to facts giving rise to its claims, Freki does not mention what facts it learned in the six weeks since the Prior Proceeding was terminated that enabled it to file the Instant Proceeding.[9] *Id*.

The Board has considered the parties' briefs in connection with the subject motion, but does not repeat or discuss all of the arguments and submissions, and does not address irrelevant arguments. *Guess? IP Holder L.P. v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

A. Legal Standard

Summary judgment is an appropriate method of disposing of cases in which there is no genuine dispute as to any material fact, thus allowing the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(a). The party moving for summary judgment

---

[9] Freki's January 16, 2018 submission is an impermissible surreply and has been given no consideration. *See* Trademark Rule 2.127(e)(1); *Pioneer Kabushiki Kaisha v. Hitachi High Techs. Am., Inc.*, 74 USPQ2d 1672, 1677 (TTAB 2005).

has the initial burden of demonstrating that there is no genuine dispute of material fact remaining for trial and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1987). All evidence must be viewed in a light favorable to the nonmovant, in this case Freki, and all justifiable inferences are to be drawn in the nonmovant's favor. *Opryland USA Inc. v. Great Am. Music Show, Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992). In deciding a summary judgment motion, the Board may not resolve disputes of material fact; it may only ascertain whether such disputes exist. *Lloyd's Food Prods., Inc. v. Eli's, Inc.*, 987 F.2d 766, 25 USPQ2d 2027, 2029 (Fed. Cir. 1993); *Opryland USA*, 23 USPQ2d at 1472; *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992).

When the moving party sufficiently demonstrates that there is no genuine dispute of material fact, and that it is entitled to judgment, the burden shifts to the nonmoving party to demonstrate the existence of specific genuinely disputed facts that must be resolved at trial. *Enbridge, Inc. v. Excelerate Energy L.P.*, 92 USPQ2d 1537, 1540 (TTAB 2009). The nonmoving party may not rest on the mere allegations of its pleadings and assertions of counsel, but must designate specific portions of the record or produce additional evidence showing the existence of a genuine dispute as to a material fact for trial. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324. In general, to establish the existence of disputed facts requiring trial, the nonmoving party "must point to an evidentiary conflict created on the record[,] at least by a counterstatement of facts set forth in detail in an affidavit by a knowledgeable

affiant." *Octocom Sys., Inc. v. Hous. Computs. Servs., Inc.*, 918 F.2d 937, 16 USPQ2d 1783, 1786 (Fed. Cir. 1990).

In general, a party may not file a motion for summary judgment until it has made its initial disclosures. Trademark Rule 2.127(e)(1); *Qualcomm, Inc. v. FLO Corp.*, 93 USPQ2d 1768, 1769-70 (TTAB 2010). This general rule has two exceptions: (1) a motion asserting lack of jurisdiction; or (2) a motion asserting claim or issue preclusion. Trademark Rule 2.127(e)(1); *Zoba Int'l Corp. v. DVD Format/LOGO Licensing Corp.*, 98 USPQ2d 1106, 1108 n.4 (TTAB 2011) (motion to dismiss considered as one for summary judgment where it asserts claim preclusion). Therefore, Pinnacle's motion asserting claim preclusion is timely.

B. Claim Preclusion (*Res Judicata*)

"[U]nder the doctrine of claim preclusion or *res judicata,* 'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'" *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)). Typically, claim preclusion is applied against a plaintiff who brings a second action related to an earlier action. In such a case, a second action will be barred by claim preclusion if: (1) there is identity of the parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *Id*. However, where, as in this case, a party seeks to preclude a defendant in the first action from bringing certain claims in the second action, the rules of defendant preclusion apply.

*Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 86 USPQ2d 1369, 1372 (Fed. Cir. 2008). A defendant is precluded only if: (1) the claim or defense asserted in the second action was a compulsory counterclaim that the defendant failed to assert in the first action; or (2) the claim or defense represents what is essentially a collateral attack on the first judgment. *Id*.

Under Trademark Rule 2.114(b)(3)(i), 37 C.F.R. § 2.114(b)(3)(i), a defense attacking the validity of a registration pleaded[10] in a cancellation action is a compulsory counterclaim if grounds for the counterclaim existed at the time when the answer is filed or are learned during the course of the cancellation action. *Jive Software, Inc. v. Jive Commc'ns, Inc.*, 125 USPQ2d 1175, 1177 (TTAB 2017). To the extent Freki's sixth affirmative defense in the Prior Proceeding alleging that Pinnacle abandoned its mark due to naked licensing was an attack on the validity of Pinnacle's Registrations, it was a compulsory counterclaim that should have been pleaded with the original answer or pleaded promptly after the grounds were learned. 15 U.S.C. § 1064; *Jive Software*, 125 USPQ2d at 1177. Freki's assertion of its naked licensing claim as an affirmative defense in the Prior Proceeding demonstrates that this claim and its underlying facts were known at the time the answer in the Prior Proceeding was filed. Nothing in the record indicates that Freki learned of any information about the naked licensing claim asserted in the Instant Proceeding that it did not have

---

[10] "A pleaded registration is a registration identified by number and by the party in position of plaintiff in an original petition for cancellation, or a counterclaim petition for cancellation, or in any amendment thereto made under Rule 15 of the Federal Rules of Civil Procedure." Trademark Rule 2.114(b)(2), 37 C.F.R. § 2.114(b)(2); *see also* Trademark Rule 2.106(b)(2), 37 C.F.R. § 2.106(b)(2) (same rule in opposition proceedings). Registration Nos. 4196579 and 4592969 were identified in ¶ 3 of Pinnacle's petition for cancellation in the Prior Proceeding.

when it asserted naked licensing as an affirmative defense in the Prior Proceeding. Freki has not demonstrated the existence of any genuine dispute of fact material to its knowledge of the basis for its naked licensing claim in the Instant Proceeding. Freki knew of the basis for the counterclaim when it filed its answer in the Prior Proceeding. Under these circumstances, failure to counterclaim then serves as a bar to bringing that claim as a plaintiff in a new action. *Libertyville Saddle Shop, Inc. v. E. Jeffries & Sons Ltd.*, 24 USPQ2d 1376, 1379 (TTAB 1992).

Conversely, with respect to Freki's nonuse, abandonment, and fraud claims, Freki did not assert these claims in the Prior Proceeding, and the record does not indicate that Freki was aware of the grounds for these counterclaims during the Prior Proceeding.

Turning to the second basis for applying claim preclusion against defendants – where the effect of the later action is to collaterally attack the judgment of the first action – the Federal Circuit has found a collateral attack where the later action would impair the other party's rights as established in the first action. *Nasalok Coating Corp.*, 522 F.3d 1320, 86 USPQ2d at 1376. In the Prior Proceeding, after an answer was filed, Pinnacle filed a withdrawal without consent of its petition to cancel Freki's Registrations on the grounds of nonuse, abandonment, and fraud, and the Board dismissed Pinnacle's petition with prejudice. The Board's dismissal with prejudice of the Prior Proceeding did not determine any specific rights to which Pinnacle is entitled with respect to its pleaded registrations. *Am. Hygienic Lab., Inc. v. Tiffany & Co.*, 228 USPQ 855 (TTAB 1986) (the only claims extinguished by virtue of the

9

stipulated dismissal in the previous action are claims made by the plaintiff in the previous action).

The Federal Circuit has cautioned that "*res judicata* is not readily extended to claims that were not before the court" in the first action, and "precedent weighs heavily against denying litigants a day in court unless there is a clear and persuasive basis for that denial." *Sharp Kabushiki Kaisha v. ThinkSharp, Inc.*, 448 F.3d 1368, 79 USPQ2d 1376, 1379 (Fed. Cir. 2006) (quoting *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 39 USPQ2d 1949, 1952 (Fed. Cir. 1996)). "The public policy underlying the principles of preclusion, whereby potentially meritorious claims may be barred from judicial scrutiny, has led courts to hold that the circumstances for preclusion 'must be certain to every intent.'" *Mayer/Berkshire Corp. v. Berkshire Fashions, Inc.*, 424 F.3d 1229, 76 USPQ2d 1310, 1314 (Fed. Cir. 2005) (citing *Russell v. Place*, 94 U.S. 606, 610 (1878)).

Here, where Freki did not assert its claims of nonuse, abandonment, and fraud as counterclaims in the Prior Proceeding, the Board could not enter judgment with respect to these claims. Because Freki's claims of nonuse, abandonment and fraud were not before the Board, Freki's assertion of these claims in this proceeding cannot be considered a collateral attack on the judgment in the Prior Proceeding and preclusion of Freki's nonuse, abandonment and fraud claims is not warranted under the second basis for applying defendant preclusion.

Accordingly, Pinnacle's motion for summary judgment is **granted** with respect to Freki's claim of abandonment due to naked licensing, and **denied** with respect to Freki's claims of abandonment due to nonuse, nonuse and fraud.

## Sufficiency of the Petition

Although Freki's claims of nonuse, fraud and abandonment due to nonuse are not precluded by the judgment in the Prior Proceeding, we find that Freki's claims of nonuse and fraud are insufficiently pleaded. *NSM Res. Corp. v. Microsoft Corp.*, 113 USPQ2d 1029, 1039 n.19 (TTAB 2014) (Board may *sua sponte* dismiss any insufficiently pleaded claim).[11]

With respect to an application originally filed based on use under Trademark Act § 1(a), a claim of nonuse is a claim that a defendant did not use its mark on some or all of the identified services as of the filing date of its application. *See Grand Canyon W. Ranch LLC v. Hualapai Tribe*, 78 USPQ2d 1696, 1698 (TTAB 2006). Although Freki pleads under the rubric of "abandonment" that "certain services were listed in the [underlying applications], and such services had not been provided by [Pinnacle] and there was no use of the Mark for such listed services" (Petition at ¶¶ 27, 29), and under the rubric of "fraud" that "certain services were listed in the [underlying applications] and such services had not been provided by ... Pinnacle and there was no use by ... Pinnacle of the ... Mark for such listed services at the time of filing" (Petition at ¶¶ 42, 52), the petition did not allege nonuse as a separate ground so as

---

[11] Freki has sufficiently pleaded standing by virtue of its pleaded registrations and direct commercial interest. *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 55 USPQ2d 1842, 1844 (Fed. Cir. 2000).

to put Pinnacle on proper notice of this claim. Accordingly, Freki has not properly pleaded a separate claim of nonuse, and this ground is **stricken** without prejudice from the petition.

Fraud in procuring a trademark registration occurs when an applicant knowingly makes a false, material representation of fact in connection with its application with the intent to deceive the USPTO. *In re Bose Corp.*, 580 F.3d 1240, 91 USPQ2d 1938, 1941 (Fed. Cir. 2009). A plaintiff must allege the elements of fraud with particularity in accordance with Fed. R. Civ. P. 9(b), made applicable to Board proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a). *Asian and W. Classics B.V. v. Selkow*, 92 USPQ2d 1478, 1478-79 (TTAB 2009). The pleadings must "contain explicit rather than implied expression of the circumstances constituting fraud." *King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 212 USPQ 801, 803 (CCPA 1981). "Pleadings of fraud made on 'information and belief' when there is no allegation of 'specific facts upon which the belief is reasonably based' are insufficient." *Asian and W. Classics B.V.*, 92 USPQ2d at 1479 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 91 USPQ2d 1656, 1670 (Fed. Cir. 2009)).

In support of its fraud claim, Freki alleges "upon information and belief" that Pinnacle made false statements regarding use of its mark in connection with the identified services by submitting specimens of use that did not show the marks currently in use with the specified services and by submitting a supporting declaration that falsely stated the marks were in use with the specified services when it filed its underlying applications. Petition at ¶¶ 42-46, 48-54, 56-60, 63. Freki's

allegations do not meet the Fed. R. Civ. P. 9(b) requirements inasmuch as its pleading based "upon information and belief" is not supported by specific facts upon which Freki's belief is reasonably based. Accordingly, Freki has not properly pleaded a claim of fraud, and this ground is **stricken** without prejudice from the petition.

Inasmuch as the Board freely grants leave to amend pleadings if found to be insufficient, *see* TBMP § 503.03 (June 2017), Freki is allowed until **June 25, 2018** to file an amended petition to cancel that properly alleges fraud and/or nonuse, if Freki has a reasonable basis for doing so, failing which this proceeding will go forward on Freki's sole claim of abandonment due to nonuse with intent not to resume use. Pinnacle is allowed until **July 25, 2018** in which to file an answer or otherwise respond to the amended petition, if an amended petition is filed, or to file an answer to the original petition as partially stricken if no amended petition is filed.

**Schedule**

Proceedings are **resumed**. Dates are reset on the following schedule:

| | |
|---|---|
| Amended Petition Due | **June 25, 2018** |
| Time to Answer | **July 25, 2018** |
| Deadline for Discovery Conference | **August 24, 2018** |
| Discovery Opens | **August 24, 2018** |
| Initial Disclosures Due | **September 23, 2018** |
| Expert Disclosures Due | **January 21, 2019** |
| Discovery Closes | **February 20, 2019** |
| Plaintiff's Pretrial Disclosures Due | **April 6, 2019** |
| Plaintiff's 30-day Trial Period Ends | **May 21, 2019** |
| Defendant's Pretrial Disclosures Due | **June 5, 2019** |
| Defendant's 30-day Trial Period Ends | **July 20, 2019** |
| Plaintiff's Rebuttal Disclosures Due | **August 4, 2019** |
| Plaintiff's 15-day Rebuttal Period Ends | **September 3, 2019** |
| **BRIEFS ARE DUE AS FOLLOWS:** | |
| Plaintiff's Main Brief Due | **November 2, 2019** |

| Defendant's Main Brief Due | **December 2, 2019** |
|---|---|
| Plaintiff's Reply Brief Due | **December 17, 2019** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121 - 2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).