**Allegra D. HEMPHILL,**
**Plaintiff–Appellant,**

v.

**PROCTOR & GAMBLE CO.,**
**Defendant–Appellee,**

v.

**Kimberly Clark Corporation,**
**Defendant–Appellee.**

**No. 03–1463.**

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 15, 2004.

Rehearing and Rehearing En Banc
Denied Feb. 23, 2004.

---

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The United States District Court for the District of Maryland granted summary judgment of noninfringement in favor of defendants-appellees Kimberly–Clark Corporation and The Proctor & Gamble Company (appellees). The district court held that defendants' products do not infringe claim 1 of U.S. Patent No. 4,557,720 (the '720 patent) owned by *pro se* plaintiff-appellant Allegra Hemphill. Because the district court properly granted summary judgment, this court *affirms*.

## BACKGROUND

In a previous action, appellant sued McNeil–PPC, Inc. alleging infringement of claim 2 of the '720 patent. The '720 patent claims a disposable vaginal swab or refresher used to cleanse or treat the vaginal area. The district court in that case construed various claim terms in claim 2 and granted summary judgment of noninfringement in favor of McNeil–PPC. *See Hemphill v. McNeil–PPC, Inc.*, 134 F.Supp.2d 719 (D.Md.2001). This court affirmed that judgment in an unpublished decision dated November 27, 2001. *See Hephill v. McNeil–PPC, Inc.*, 25 Fed. Appx. 915, 2001 WL 1504561 (Fed.Cir. 2001).

Appellant filed this action in late 2002 asserting claim 1 of the '720 patent. Claim 1 contains many of the same claim terms that this court construed in the previous action with respect to claim 2. The district court applied the doctrine of collateral estoppel to hold that the interpretation of claim terms in claim 2 in the prior action applies to those same terms in claim 1 in this action. The district court found no material factual dispute concerning the accused products and held, as a matter of law, that appellees' products do not infringe claim 1 under the required claim construction.

## DISCUSSION

This court reviews a district court's grant of summary judgment without deference. Because the application of general collateral estoppel principles is not a matter within the exclusive jurisdiction of this court, this court must apply the law of the circuit in which the district court sits. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 n. 4 (Fed.Cir.1999). Under the law of the Fourth Circuit, the application of collateral estoppel is a legal determination reviewed *de novo*. *See Tuttle v. Arlington County School Bd.*, 195 F.3d 698, 703 (4th Cir. 1999). Collateral estoppel applies where: (1) the issue sought to be precluded is identical to one previously litigated; (2)

the issue [was] actually determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment [is] be final and valid; and (5) the party against whom estoppel is asserted ... had a full and fair opportunity to litigate the issue in the previous forum."

*Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir.1998).

Appellant's appeal focuses solely on claim construction. Appellant seems to argue that the district court should have performed a *de novo* evaluation of the terms in claim 1 using intrinsic evidence from the patent rather than adopting portions of the claim construction of claim 2 from the previous litigation. To the contrary, the meaning of several claim terms in this litigation is identical to the meaning accorded those same terms in the earlier case. The earlier case litigated and decided the meaning of those terms in claim 1. Thus, the appellant has already received a full and fair opportunity to prove the meaning of those contested terms. The district court in this case correctly determined that the claim construction from the earlier case governs many of the terms in this case as well. Appellant has not indicated any flaw in the district court's collateral estoppel analysis. The record shows that the district court's determination of the meaning of identical terms in the earlier case was essential to the judgment in that case. As noted, the parties had a full and fair opportunity to litigate the issues. Therefore, the district court in this case properly estopped the appellant from retrying those issues.

The district court correctly recognized that identical claim terms cannot be given a different meaning in different claims of the same patent unless the patent clearly provides otherwise. *See Georgia–Pacific*

*Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1331 (Fed.Cir.1999). Because the claim construction of claim 2 in the prior action satisfies the principles of collateral estoppel, it is applicable in this action. *See Pfaff v. Wells Elecs., Inc.*, 5 F.3d 514 (Fed.Cir.1993). Consequently, claim terms in claim 1 identical to terms defined in the previous action must carry that same meaning.

Appellant does not argue that the district court erred in applying the properly construed claims to the accused products. Appellant's arguments merely express disagreement with the interpretation of the claim terms in dispute. Again, those issues have been fully litigated, decided by the district court, and affirmed by this court. Therefore, this record presents no reason for this court to depart from the earlier claim construction. This court perceives no error in the district court's summary judgment of noninfringement. That judgment is, therefore, affirmed.