**Allegra D. HEMPHILL,**
Plaintiff–Appellant,

v.

**KIMBERLY–CLARK CORPORATION,**
Defendant–Appellee,

and

**The Proctor & Gamble Company,**
Defendant–Appellee.

No. 2008–1460.

United States Court of Appeals,
Federal Circuit.

Sept. 10, 2008.

Allegra D. Hemphill, Washington, DC, pro se.

James P. Ulwick, Kramon and Graham, P.A., Baltimore, MD, Vicki Margolis, Kimberly–Clark Corporation, Neenah, WI, for Defendant–Appellee, Kimberly–Clark Corporation.

Gregory A. Castanias, Jones Day, Washington, DC, for Defendant–Appellee, The Proctor & Gamble Company.

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

ON MOTION

PER CURIAM.

*ORDER*

Kimberly–Clark Corporation and The Proctor & Gamble Company (Kimberly–Clark) move for summary affirmance of the United States District Court for the District of Columbia's judgment in *Hemphill v. Kimberly–Clark Corp.,* case no. 1:07–CV–01236. Kimberly–Clark also requests that this court impose sanctions against Allegra D. Hemphill for pursuing this appeal and enjoin her from filing future patent infringement complaints against Kimberly–Clark without the permission of a judicial officer. Hemphill opposes.

On November 18, 2002, Hemphill filed suit against Kimberly–Clark in the United States District Court for the District of

Maryland, alleging infringement of claim 1 of her patent. The district court granted summary judgment of noninfringement in favor of Kimberly–Clark. On appeal, this court affirmed the district court's judgment. *Hemphill v. Proctor & Gamble Co.,* 85 Fed.Appx. 765 (Fed.Cir.2004).

Thereafter, Hemphill sued Kimberly–Clark in the United States District Court for the District of Columbia on July 10, 2007, alleging infringement of claim 2 of her patent. On January 3, 2008, the district court dismissed Hemphill's suit as precluded on the basis of res judicata. On February 1, 2008, Hemphill filed a Fed. R.Civ.P. 60(b) motion for reconsideration, which the district court denied on March 10, 2008. Hemphill appealed on March 20, 2008.

Kimberly–Clark moves to summarily affirm the district court's decision. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994). In the present case, it is clear that summary affirmance is warranted. Hemphill argues, inter alia, that her case should not have been dismissed because she is asserting a different claim of her patent. Second, Hemphill asserts without support that the products are not the same as previously litigated. Concerning her first argument, the doctrine of res judicata bars a subsequent lawsuit on a different claim of the previously litigated patent because all claims of the patent should have been asserted in the first lawsuit. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) ("a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action"); *Kearns v. General Motors Corp.,* 94 F.3d 1553, 1555 (Fed.Cir. 1996) (res judicata barred a patent infringement suit in a Virginia district court concerning the patents that were previously in dispute between the same parties before a Michigan district court). In other words, it is required that a patentee sue an alleged infringer for infringement of all pertinent claims of her patent at one time regarding the same products, rather than attempting to litigate each claim separately.

Concerning her second allegation, Hemphill offers only conjecture that the products in the two lawsuits are different. The district court found that the second case "involves the same defendants and products that were at issue" in the previous litigation involving Kimberly–Clark and that "Hemphill makes no assertion to the contrary." Hemphill has shown no error in that determination, and thus she was barred by the doctrine of res judicata from relitigating her patent infringement case. *Parklane Hosiery Co.,* 439 U.S. at 326 n. 5, 99 S.Ct. 645.

Accordingly,

IT IS ORDERED THAT:

(1) Kimberly–Clark's motion to summarily affirm is granted.

(2) Kimberly–Clark's motions to impose sanctions and enjoin Hemphill are denied.

(3) Each side shall bear its own costs.