**Allegra HEMPHILL, Plaintiff,**

**v.**

**JOHNSON & JOHNSON, Defendant.**

**Civil Action No. 12-279 (CKK)**

United States District Court,
District of Columbia.

Signed March 11, 2013

Allegra Hemphill, Washington, DC, pro se.

George Frank Pappas, Baltimore, MD, Jeffrey B. Elikan, Kelly Vanderzell Silverman, Covington & Burling, LLP, Washington, DC, for Defendant.

## ORDER

COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

Presently before the Court is the Plaintiff's [20] Motion for Relief from Judgment. Pursuant to Federal Rule of Civil Procedure 60(b), the Plaintiff asks the Court to set aside the January 29, 2013 Memorandum Opinion and Order dismissing the Plaintiff's complaint for failure to state a claim. 1/29/13 Mem. Opin. & Order, ECF Nos. [16, 17]. For the reasons stated below, the Plaintiff's motion is DENIED.

The Court detailed the factual and procedural history of the Plaintiff's patent dispute with Johnson & Johnson in the January 29, 2013 Memorandum Opinion, which is incorporated in full by reference herein. 1/29/13 Mem. Opin., ECF No. [17], at 1-2. In short, since 1999 the Plaintiff has filed four suits against various defendants including Johnson & Johnson, alleging that the sanitary napkins and adult incontinence products manufactured by the defendants infringe United States Patent No. 4,557,720 ("the '720 Patent). *Id.* at 2; *see Hemphill v. McNeil–PPC, Inc.*, 134

F.Supp.2d 719, 723 (D.Md.2001) (*Hemphill I*).[1] In each case, the district court has entered judgment in favor of the defendants. *Id.* The Federal Circuit subsequently affirmed each decision. *Id.*

Upon consideration of Johnson & Johnson's motion to dismiss in this case, the Court found as a matter of law that the Plaintiff could not recover for any alleged infringement of the '720 Patent by Johnson & Johnson, and thus dismissed the complaint. *Id.* at 3–5. The Plaintiff's present motion raises two arguments: (1) upon reexamination, the '720 Patent reissued; and (2) the District of Maryland court that first construed the '720 Patent erred in construing the term "swab" with reference to the dictionary definition of the term. Neither argument is sufficient to grant relief from final judgment under Rule 60(b).

First, the Plaintiff argues that in *Hemphill I*, Johnson & Johnson conceded that the '720 Patent reissued following reexamination proceedings. Pl.'s Mot. at 5-6. Although the import of this argument is not clear from the Plaintiff's motion, the Court presumes the Plaintiff intends to argue that reissuance upon reexamination, rather than confirmation of patentability, altered the term of the patent. This argument is irrelevant: regardless of whether the '720 Patent was reissued or merely confirmed as patentable after reexamination, *reexamination certificates do not alter the term of a patent.* 35 U.S.C. 307(b). Reexamination notwithstanding, the '720 Patent expired on December 10, 2002, *see id.* at § 154(c)(1), and Johnson & Johnson is not liable for any purported infringing activities that took place after that date, *id.* at § 271(a). Moreover, the Plaintiff cannot recover for "any infringement committed more than six years prior to the filing of the complaint," in this case, February

---

[1]. The *Hemphill I* suit was initially filed against Johnson & Johnson, but the Court substituted McNeil-PPC as the proper defendant. 134 F.Supp.2d at 721.

21, 2006—more than three years after the '720 Patent expired. 35 U.S.C. § 286. As a matter of law the Plaintiff cannot recover any alleged infringement that took place before the '720 Patent expired.

 Second, the Plaintiff takes issue with the fact that the *Hemphill I* court used a dictionary definition in construing the term "vaginal swab" as used in the '720 Patent. *See* 134 F.Supp.2d at 727. As the *Hemphill I* court explained, "[c]ourts may rely on dictionary definitions when construing claim terms 'so long as the dictionary definition does not contradict any definition found in or ascertained by a reading of the patent documents.'" *Id.* at 726 (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir.1996). The fact that the court referred to a dictionary definition does not itself demonstrate the court's claim construction was flawed. In any event, the Federal Circuit upheld the claim construction utilized by the *Hemphill I* court, as well as the grant of summary judgment of non-infringement. *Hemphill v. McNeil–PPC, Inc.*, 25 Fed. Appx. 915 (Fed.Cir.2001). The Federal Circuit has further confirmed that subsequent courts are bound by that claim construction. *Hemphill v. Proctor & Gamble Co.*, 85 Fed.Appx. 765, 767 (Fed.Cir.2004). As the Federal Circuit explained,

> [The Plaintiff's] arguments merely express disagreement with the interpretation of the claim terms in dispute. Again, those issues have been fully litigated, decided by the district court, and affirmed by this court. Therefore, this record presents no reason for this court to depart from the earlier claim construction.

*Id.* The Plaintiff's continued disagreement with the claim construction of the *Hemphill I* court is not a basis for relief under Rule 60(b).

Accordingly, it is, this 11th day of March, 2013, hereby

**ORDERED** that the Plaintiff's [20] Motion for Relief from Judgment is DENIED.

**SO ORDERED.**

*This is a final, appealable Order.*