NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALLEGRA HEMPHILL,**
*Plaintiff-Appellant,*

**v.**

**JOHNSON & JOHNSON,**
*Defendant-Appellee.*

---

2013-1503

---

Appeal from the United States District Court for the District of Columbia in No. 12-CV-0279, Judge Colleen Kollar-Kotelly.

---

Decided: January 14, 2014

---

ALLEGRA HEMPHILL, of Washington, DC, pro se.

GEORGE PAPPAS, Covington & Burling, LLP, of Washington, DC, for defendant-appellee. With him on the brief were JEFFREY B. ELIKAN and KELLY V. SILVERMAN.

---

Before NEWMAN, DYK, and MOORE, *Circuit Judges.*

PER CURIAM.

Allegra Hemphill appeals from two decisions of the United States District Court for the District of Columbia. The district court denied Hemphill's Motion for Relief from Judgment pursuant to Rule 60(b), in which she sought to have the court set aside its January 2013 order dismissing Hemphill's complaint for failure to state a claim. The district court also granted defendant Johnson & Johnson's motion for sanctions under Rule 11(b), barring Hemphill from filing future patent infringement actions against Johnson & Johnson without first obtaining leave of the district court. We *affirm*.

## BACKGROUND

Hemphill first filed suit against Johnson & Johnson ("J&J") in the United States District Court for the District of Maryland in 1999, alleging that J&J's Stayfree, Carefree, and Serenity sanitary napkins and adult incontinence products infringed claim 2 of United States Patent No. 4,557,720 ("the '720 patent"). *Hemphill v. McNeil-PPC, Inc.*, 134 F. Supp. 2d 719, 722 (D. Md. 2001) (*Hemphill I*). The Maryland District Court construed the claims and ultimately determined that the accused products did not infringe the '720 patent, either literally or under the doctrine of equivalents. *Id*. at 727-29. We affirmed. *Hemphill v. McNeil-PPC, Inc.*, 25 F. App'x 915, 915 (Fed. Cir. 2001). Since then Hemphill unsuccessfully sought to enforce the '720 patent against other defendants and similar accused products. *Hemphill v. Kimberly-Clark Corp.*, 605 F. Supp. 2d 183 (D.D.C. 2009); *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108 (D.D.C. 2008); *Hemphill v. Proctor & Gamble Co.*, 258 F. Supp. 2d 410 (D. Md. 2003), *aff'd*, 85 F. App'x 765 (Fed. Cir. 2004).

The '720 patent expired on December 10, 2002. Nonetheless, in February 2012, Hemphill again filed suit against J&J, alleging that J&J's Stayfree and Carefree brand feminine care products infringe both independent claims of the '720 patent, and that the defendant induced

infringement of the '720 patent by a third party. The district court granted defendant's motion to dismiss, denied plaintiff's subsequent Rule 60(b) motion, and granted defendant's motion for Rule 11 sanctions. The plaintiff appealed the Rule 60(b) decision and the sanctions order to the District of Columbia Circuit, and the District of Columbia Circuit transferred the appeal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

On both issues presented in this appeal, we follow regional circuit law. The District of Columbia Circuit reviews both the denial of a Rule 60(b) motion and a sanctions order for abuse of discretion. *Lucas v. Duncan*, 574 F.3d 772, 775 (D.C. Cir. 2009); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988).

Since the '720 patent had expired in 2002 and the statute precludes recovery "for any infringement committed more than six years prior to the filing of the complaint," 35 U.S.C. § 286, the district court dismissed Hemphill's claims for untimeliness. In her Motion for Relief from Judgment, Hemphill argued two bases for reconsideration, "(1) upon re-examination, the [']720 Patent reissued; and (2) the District of Maryland court that first construed the [']720 patent erred in construing the term 'swab.'" JA 2310.

The district court correctly ruled that "*reexamination certificates do not alter the term of a patent*" and therefore, the certificate did not change the fact that even if J&J had infringed the '720 patent before its expiration in 2002, recovery was time-barred when Hemphill sued in 2012. JA 2310 (emphasis in original). The district court also correctly held that Hemphill's "continued disagreement with the claim construction of the *Hemphill I* court is not a basis for relief under Rule 60(b)." JA 2311.

Hemphill has not shown any grounds for relief under Rule 60(b), and we affirm the district court's decision.

Hemphill provides no argument as to why the district court's award of sanctions was in error. The District of Columbia Circuit has set forth guidelines for anti-filing injunctions in *In re Powell*, recognizing that such an injunction is "an extreme remedy." 851 F.2d 427, 431 (D.C. Cir. 1988) (internal quotation omitted). We have reviewed the record and find that the district court's analysis complies with *Powell*, particularly in light of Hemphill's multiple unmeritorious filings against J&J and others.

**AFFIRMED**